UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BRENDA SZALANSKI, on behalf of
herself, individually, and on behalf of
all others similarly situated,

    Plaintiff,

v.

Case No. 19-cv-940-wmc

MIKE ARNOLD, LEA GEREND, PHIL TROIA, MIKE WHALEY, and GREATBANC TRUST COMPANY,

    Defendants, and

PDQ FOOD STORES, INC. EMPLOYEE STOCK OWNERSHIP PLAN,

    Nominal Defendant.

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Standing Order Governing Preliminary Pretrial Conferences, Plaintiff Brenda Szalanski and Defendants Mike Arnold, Lea Gerend, Phil Troia, Mike Whaley, and GreatBanc Trust Company hereby submit this Proposed Joint Discovery Plan. The parties met and conferred on March 24, 2020, by telephone. The parties have agreed on matters addressed below, except where specific disagreements are noted.

1

## JOINT STATEMENT OF THE CASE

**I.** **Nature of the Case**

This is a putative ERISA class action alleging that Defendants engaged in fiduciary breaches and prohibited transactions arising in connection with the October 2017 sale of the assets of PDQ Food Stores, Inc. Plaintiff seeks declaratory, injunctive, remedial and other equitable relief afforded by ERISA. As an initial matter, Defendants have filed motions to dismiss the complaint, or certain counts, for failure to state a claim.

**II.** **Related Cases**

There are no related cases.

**III.** **Statement of Material Factual and Legal Issues To Be Resolved at Trial**

The parties agree that the following issues, among others, exist: (1) Whether this case is suitable for class treatment under Rule 23; (2) whether each Defendant owed fiduciary duties to the PDQ ESOP with respect to the October 2017 Transaction; (3) whether each Individual Defendant was a party-in-interest with respect to the October 2017 Transaction; (4) whether the Defendants who are alleged to be fiduciaries breached their fiduciary duties under ERISA § 404(a), 29 U.S.C. § 1104(a); (5) whether the Defendants engaged in prohibited transactions in in violation of ERISA § 406(a) and 406(b), 29 U.S.C. § 1104(a) and 1104(b); (6) whether Defendants Arnold, Troia, Whaley and GreatBanc have co-fiduciary liability; and (7) what, if any, relief Plaintiff is entitled to, either individually or on a class basis.

### IV. Amended Pleadings and Additional Parties

At this time, the parties do not anticipate amending their pleadings; however, Plaintiff may want to amend her pleadings once some discovery is obtained.

### V. Estimated Trial Length

Plaintiff estimates that the trial will last 5 days.

Defendants estimate that the trial will last 10 days.

### VI. Other Matters

Plaintiff makes the following proposal to aid the just, speedy, and inexpensive disposition of this case:

- The Parties would be entitled to issue written discovery (i.e. interrogatories, requests for production, document subpoenas) while the motions to dismiss are pending, but the responses would not be due until 30 days from the earlier of (1) June 18, 2020 or (2) the date on which the Court denies the motions to dismiss.

Defendants make the following proposal to aid the just, speedy, and inexpensive disposition of this case:

- All parties adhere to and comply with the automatic discovery stay upon the filing of motions to dismiss set forth in the Court's Standing Order Governing Preliminary Pretrial Conferences. None of the claims, affirmative defenses or other aspects of this case support a deviation from the Court's Standing Order.

**DISCOVERY PLAN**

I. **Rule 26(a)(1) Disclosures**

Plaintiff propose that the Parties be required to exchange Rule 26(a)(1) disclosures on April 2, 2020 and to produce any documents identified in their respective Rule 26(a)(1) disclosures (including any applicable insurance policies) on May 1, 2020.

Defendants propose that the parties comply with the Court's Standing Order Governing Preliminary Pretrial Conferences, which stays discovery until 12 weeks after reply briefs on motions to dismiss are filed or until the Court rules on the pending motions to dismiss. Accordingly, Defendants propose to exchange Rule 26(a)(1) disclosures on the earlier of (i) two weeks after Judge Conley rules on Defendants' motions to dismiss; or (ii) on June 18, 2020.

II. **Scope of Discovery and Schedule**

Discovery will be needed on the factual bases for Plaintiff's claims and Defendants' affirmative defenses. The parties do not believe that discovery should be conducted in phases or limited to or focused on particular issues, except that the deposition of Plaintiff will be completed before the date that the Plaintiff's class certification motion is due.

The parties propose the following case schedule:

| Event | Date |
| --- | --- |
| Exchange initial disclosures | Plaintiff's Proposal: Exchange of Rule 26(a) disclosures on April 2, 2020 and Production of documents on May 1, 2020<br><br>Defendants' Proposal: Exchange of Rule 26(a) disclosures on the earlier of (i) two |

|  | weeks after Judge Conley rules on Defendants' motions to dismiss; or (ii) June 18, 2020 |
|---|---|
| Deadline for class certification | Opening Motion: November 3, 2020<br>Defendants' Opposition: December 2, 2020<br>Plaintiff's Reply: December 23, 2020 |
| Deadline to Amend Pleadings | October 15, 2020 |
| Disclosure of affirmative experts and reports | March 2, 2021 |
| Disclosure of rebuttal experts and reports | April 6, 2021 |
| Deadline for dispositive motions | May 14, 2021 |
| Close of discovery | August 31, 2021 |
| Deadline for Rule 26(a)(3) disclosures and motions in limine | Four weeks before pretrial |
| Deadline for Rule 26(a)(3) objections and responses to motions in limine | Two before pretrial |
| Final Pretrial Conference | Two Weeks Before Trial |
| Trial | October 2021 |

### III. Electronically Stored Information

The parties anticipate the disclosure and discovery of electronically stored information (ESI). The parties agree to meet and confer regarding an agreed upon ESI protocol.

### IV. Privilege Issues

The parties agree to provide privilege logs consistent with the requirements of Federal Rule of Civil Procedure 26.

*Plaintiff's Position*

Plaintiff also proposes the following:

- Privilege logs will be due within 30 days after written responses to discovery are served.

5

- Communications between a party and its trial counsel do not need to be included on any privilege log provided under Rule 26(b)(5).

*Defendants' Position*

Defendants' position is that Plaintiff's proposed language regarding privilege logs is superfluous. The Federal Rules of Civil Procedure and Local Rules should govern this and all aspects of discovery. None of the claims, affirmative defenses or other aspects of this case support supplemental requirements to the Federal Rules of Civil Procedure and the Local Rules regarding discovery generally, and privilege logs in particular. Defendants are confident that the parties will be able to work through any timing or scope issues in regard to privilege logs as the need requires.

**V.     Limitations on Discovery**

The parties propose the following additional modification on discovery beyond those provided by the Federal Rules of Civil Procedure:

- The presumptive limitation of 10 depositions applies to fact witness only (i.e. not to expert witness depositions).

The parties also propose the presumptive limits on depositions and interrogatories should be applied *per side*, rather than *per party*, but suggest different approaches:

- Plaintiff's proposal: The presumptive limitation on depositions and interrogatories be applied *per side* rather than *per party* – e.g. Plaintiff can take up to 10 depositions/issue 25 interrogatories and Defendants can collectively take up to 10 depositions and collectively issue 25 interrogatories

6

- Defendants' proposal: The presumptive limitation on depositions and interrogatories be applied *per parties* with the same counsel – e.g. Plaintiff can take up to 10 depositions/issue 25 interrogatories and the Individual Defendants can take up to 10 depositions/issue 25 interrogatories and GreatBanc can take another 10 depositions/issue another 25 interrogatories.

Respectfully submitted this 30th day of March, 2020.

| *Attorneys for Plaintiffs* | *Attorneys for Defendants Mike Arnold, Lea Gerend, Phil Troia, and Mike Whaley* | *Attorneys for Defendant GreatBanc Trust Company* |
|---|---|---|
| */s/ Andrew W. Erlandson*<br>R. Joseph Barton<br>Colin Downes<br>BLOCK & LEVITON LLP<br>1735 20th Street, N.W.<br>Washington, DC 20009<br>(202) 734-7046<br>jbarton@blockesq.com<br>colin@blockesq.com<br><br>Andrew W. Erlandson<br>Catherine White<br>HURLEY BURISH, S.C.<br>33 East Main Street, Suite 400<br>Madison, WI 53703<br>(608) 257-0945<br>aerlandson@hurleyburish.com<br>cwhite@hurleyburish.com | */s/ Kristen J. Kenley*<br>Mark A. Nebrig<br>Kristen J. Kenley<br>MOORE & VAN ALLEN PLLC<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC 28205<br>(704) 331-3602<br>marknebrig@mvalaw.com<br>kristenkenley@mvalaw.com<br><br>Barret V. Van Sicklen<br>DeWITT LLP<br>2 East Miffin Street, Suite 600<br>Madison, WI 53703<br>(608) 252-9386<br>bvv@dewittllp.com | */s/ Michael L. Scheier*<br>Michael L. Scheier<br>Brian P. Muething<br>Jacob D. Rhode<br>KEATING MUETHING & KLEKAMP PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202<br>(513) 579-6400<br>mscheier@kmklaw.com<br>bmuething@kmklaw.com<br>jrhode@kmklaw.com<br><br>Todd G. Smith<br>GODFREY & KAHN, S.C.<br>One East Main Street, Suite 500<br>Madison, WI 53701-0609<br>(608) 257-3911<br>tsmith@gklaw.com |