# Exhibit A

**Subject:** RE: Szalanski v. GreatBanc - Discovery
**Date:** Friday, December 30, 2022 at 10:31:00 AM Eastern Standard Time
**From:** Rhode, Jacob D.
**To:** Colin Downes
**CC:** R. Joseph Barton, Andrew Erlandson, Catherine White, Miskanin, Stacy N., Scheier, Michael L., Muething, Brian P., Slovin, Matthew J., Ming Siegel, tsmith@gklaw.com

[EXTERNAL]

Colin,
Thanks for sharing. Pursuant to FRCP 15(a)(2), as you have requested, we consent to the filing of this Amended Complaint, preserving and without waiving all defenses and responsive pleading avenues as provided for in the FRCP.

Best,
Jacob


Jacob D. Rhode
Partner
JRhode@KMKLAW.com

# KMK | Law

**Keating Muething & Klekamp PLL**

One East 4th Street  |  Suite 1400  |  Cincinnati, OH 45202
Direct: (513) 579-6580 | Fax: (513) 579-6457
kmklaw.com   |   KMK on LinkedIn   |   KMK on Twitter

**From:** Colin Downes <colin@blockleviton.com>
**Sent:** Thursday, December 29, 2022 10:48 AM
**To:** Rhode, Jacob D. <JRhode@KMKLAW.com>
**Cc:** R. Joseph Barton <jbarton@blockleviton.com>; Andrew Erlandson <aerlandson@hurleyburish.com>; Catherine White <cwhite@hurleyburish.com>; Miskanin, Stacy N. <SMiskanin@KMKLAW.com>; Scheier, Michael L. <MSCHEIER@KMKLAW.com>; Muething, Brian P. <bmuething@KMKLAW.com>; Slovin, Matthew J. <MSlovin@KMKLAW.com>; Ming Siegel <ming@blockleviton.com>; tsmith@gklaw.com
**Subject:** RE: Szalanski v. GreatBanc - Discovery [IWOV-IMANAGE.FID1704206]

Jacob,

Attached is the draft Amended Complaint, both clean and in blackline against the previously filed Complaint.

Regards,

Colin

--

Colin Downes
**Block & Leviton LLP**
(202) 734-7383

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Colin Downes <colin@blockleviton.com>
**Sent:** Thursday, December 29, 2022 10:21 AM
**To:** Rhode, Jacob D. <JRhode@KMKLAW.com>
**Cc:** R. Joseph Barton <jbarton@blockleviton.com>; Andrew Erlandson <aerlandson@hurleyburish.com>; Catherine White <cwhite@hurleyburish.com>; Miskanin, Stacy N. <SMiskanin@KMKLAW.com>; Scheier, Michael L. <MSCHEIER@KMKLAW.com>; Muething, Brian P. <bmuething@KMKLAW.com>; Slovin, Matthew J. <MSlovin@KMKLAW.com>; Ming Siegel <ming@blockleviton.com>; tsmith@gklaw.com
**Subject:** RE: Szalanski v. GreatBanc - Discovery [IWOV-IMANAGE.FID1704206]

Jacob,

You should expect to receive the proposed amended complaint this week.

We will provide a site for Ms. Szalanski's deposition on the 17th at the offices of Walcheske & Luzi, LLC, 235 N. Executive Drive, Suite 240, Brookfield, Wisconsin 53005. When available, please let us know who will be attending for GreatBanc so that we can supply the names to the host.

We appreciate GreatBanc's willingness to supplement its interrogatory response by January 6.

Have a happy new year,

Colin



Colin Downes
**Block & Leviton LLP**
1633 Connecticut Ave. NW, Suite 200
Washington, DC 20009
(202) 734-7383
colin@blockleviton.com  |  https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Rhode, Jacob D. <JRhode@KMKLAW.com>
**Sent:** Thursday, December 29, 2022 10:15 AM
**To:** Colin Downes <colin@blockleviton.com>
**Cc:** R. Joseph Barton <jbarton@blockleviton.com>; Andrew Erlandson <aerlandson@hurleyburish.com>; Catherine White <cwhite@hurleyburish.com>; Miskanin, Stacy N. <SMiskanin@KMKLAW.com>; Scheier, Michael L. <MSCHEIER@KMKLAW.com>; Muething, Brian P. <bmuething@KMKLAW.com>; Slovin, Matthew J. <MSlovin@KMKLAW.com>; Ming Siegel <ming@blockleviton.com>; tsmith@gklaw.com
**Subject:** RE: Szalanski v. GreatBanc - Discovery [IWOV-IMANAGE.FID1704206]

[EXTERNAL]

Colin,

I'm following up on the below and a few of the discovery issues we've been discussing.

First, regarding your proposed amended complaint, should we still expect to receive that this week?

Second, we ask again – where will Plaintiff's deposition take place on the 17th?

Finally, regarding Plaintiff's Interrogatory No. 1, the out-of-circuit case that you cite is distinguishable from the facts and procedural posture of this case, and does not convince us that this interrogatory is appropriate in this case at this stage. Nevertheless, solely as a compromise, we will agree to supplement the response to Interrogatory No. 1 by 1/6, understanding of course that our defenses may change/be further developed based on continued discovery, including Plaintiff's deposition, as well as Plaintiff's actual arguments for certification.

Jacob

---

**From:** Rhode, Jacob D. <JRhode@KMKLAW.com>
**Sent:** Thursday, December 22, 2022 6:00 PM
**To:** Colin Downes <colin@blockleviton.com>
**Cc:** R. Joseph Barton <jbarton@blockleviton.com>; Andrew Erlandson <aerlandson@hurleyburish.com>; Catherine White <cwhite@hurleyburish.com>; Miskanin, Stacy N. <SMiskanin@KMKLAW.com>; Scheier, Michael L. <MSCHEIER@KMKLAW.com>; Muething, Brian P. <bmuething@KMKLAW.com>; Slovin, Matthew J. <MSlovin@KMKLAW.com>; Ming Siegel <ming@blockleviton.com>; tsmith@gklaw.com
**Subject:** Re: Szalanski v. GreatBanc - Discovery [IWOV-IMANAGE.FID1704206]

Hi Colin,
Apologies for the somewhat delayed response, I'm out of town this week (and pocket) with family for the holidays until Tuesday next week, but wanted to acknowledge and briefly respond to your two emails.

Regarding leave to amend, please send along the proposed amended complaint, and we will be happy to review it and let you know whether we consent.

About Plaintiff's deposition, although we discussed dates the first couple weeks of January, we can make the 17th work. Where will Plaintiff be appearing, so we can make travel and court reporter arrangements, and also use the correct information in the deposition notice?

Regarding the other discovery issues, thanks for providing the additional information and explanation. I'll get back to you on each of these issues next week when back in the office.

Best,
Jacob

On Dec 22, 2022, at 4:01 PM, Colin Downes <colin@blockleviton.com> wrote:

**Jacob D. Rhode**

Partner

JRhode@KMKLAW.com

# KMK | Law

**Keating Muething & Klekamp** PLL

One East 4th Street  |  Suite 1400  |  Cincinnati, OH 45202

Direct: (513) 579-6580 | Fax: (513) 579-6457

kmklaw.com   |   KMK on LinkedIn   |   KMK on Twitter

Jacob,

I am following up regarding some of the items below.

First, with respect to **Interrogatory No.** 1, please let us know whether GreatBanc will agree to supplement its response, and by when. If we cannot reach agreement on this promptly, Plaintiff will need to move to compel sufficiently in advance of the motion to compel deadline to preserve her rights and the utility of this discovery.

Second, with respect to the **third party productions**, we have confirmed that we produced everything we have to you. Your letter raised an issue regarding the Prairie Capital production. As Ms. Siegel explained to you in her letter of August 3, 2022, there were missing bates numbers, gaps in bates stamping, and metadata errors in the production as we received it from Prairie that made it impossible to unitize the .tif images that they produced. We are following up with Prairie regarding these issues. However, in addition to the 31 native format files that Plaintiff received from Prairie and which were produced to you, Plaintiff's counsel also produced to you the raw production as received from Prairie, which included all the produced .tif emails. That is, you have what we have.

Third, please confirm whether January 17, 2023, will work for the deposition of Plaintiff. She is holding the date.

Many thanks,

Colin

--

Colin Downes
**Block & Leviton LLP**
(202) 734-7383

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Colin Downes <colin@blockleviton.com>
**Sent:** Friday, December 16, 2022 4:40 PM
**To:** Rhode, Jacob D. <JRhode@KMKLAW.com>
**Cc:** R. Joseph Barton <jbarton@blockleviton.com>; Andrew Erlandson <aerlandson@hurleyburish.com>; Catherine White <cwhite@hurleyburish.com>; Miskanin, Stacy N. <SMiskanin@KMKLAW.com>; Scheier, Michael L. <MSCHEIER@KMKLAW.com>; Muething, Brian P. <bmuething@KMKLAW.com>; Slovin, Matthew J. <MSlovin@KMKLAW.com>; Ming Siegel <ming@blockleviton.com>; tsmith@gklaw.com
**Subject:** RE: Szalanski v. GreatBanc - Discovery [IWOV-IMANAGE.FID1704206]

Jacob,

I write in response to your letter dated December 9, 2022.

With respect to **Interrogatory No. 1**, you asked for legal authority supporting the appropriateness of the interrogatory, and specifically the basis for requiring a response to this interrogatory prior to Plaintiff's filing of her motion for class certification. I would direct you to *Lindell v. Synthes USA*, in which the court compelled responses to substantially similar interrogatories and addressed this precise issue:

> [T]hese Contention Interrogatories, contrary to Defendants' suggestion, do not ask Defendants to speculate on what arguments Plaintiff may offer at the class certification stage. These Contention Interrogatories ask Defendants to explain the contentions presented in Defendants' Answer, i.e., that this action cannot be maintained as a class action. Presumably, Defendants had, and continue to have, a basis for making the allegations in their Answer. Moreover, between the allegations of Plaintiff's First Amended Complaint and Plaintiff's responses to Defendants' contention interrogatories, Defendants have substantial notice of Plaintiff's theories on class certification.

*Lindell v. Synthes USA*, No. 1:11-CV-02053-LJO, 2013 WL 3146806, at *5 (E.D. Cal. June 18, 2013). As in *Lindell*, GreatBanc's answer expressly denies that this case is maintainable as a class action, ECF No. 50 at ¶ 1, and GreatBanc has notice of Plaintiff's theories on class certification.

ECF No. 1 at ¶¶ 10-27.  Presumably GreatBanc had a basis for its contention regarding class certification. Plaintiff is entitled to know it. In terms of the supplementation Plaintiff seeks, it is simply a plain statement of the provisions of Rule 23 that Defendant contends Plaintiff, her counsel, her claims, or the Class cannot satisfy and the material facts on which those contentions are based. If this is unclear, I would be happy to discuss next week to clarify any confusion on a call.

With respect to a date for **Plaintiff's deposition**, we would propose January 17.

With respect to **non-party productions** of documents, Plaintiff's counsel are in the process of reviewing to make sure you are provided with all the documents we have received in response to subpoenas. It may be most straightforward to simply reproduce to you all of the third party materials we have in our possession. But we will get back to you on this issue.

With respect to **Plaintiff's productions** of documents, Plaintiff's counsel will confer with Plaintiff and produce any additional documents and/or supplement her responses as appropriate by December 31, 2021.

Last, with respect to a **privilege log**, at this time Plaintiff is not withholding any documents based privilege except insofar as they fall within those categories of documents as to which Plaintiff's objections advised Greatbanc that the collection, individualized review, and production of corresponding privilege logs for these materials would be disproportionate to the needs of this case.

Regards,

Colin


Colin Downes
**Block & Leviton LLP**
1633 Connecticut Ave. NW, Suite 200
Washington, DC 20009
(202) 734-7383
colin@blockleviton.com  |  https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Miskanin, Stacy N. <SMiskanin@KMKLAW.com>
**Sent:** Friday, December 9, 2022 4:58 PM
**To:** Colin Downes <colin@blockleviton.com>
**Cc:** R. Joseph Barton <jbarton@blockleviton.com>; Andrew Erlandson <aerlandson@hurleyburish.com>; Catherine White <cwhite@hurleyburish.com>; Scheier, Michael L. <MSCHEIER@KMKLAW.com>; Muething, Brian P. <bmuething@KMKLAW.com>; Rhode, Jacob D. <JRhode@KMKLAW.com>; Slovin, Matthew J. <MSlovin@KMKLAW.com>; Ming Siegel <ming@blockleviton.com>; tsmith@gklaw.com
**Subject:** Szalanski v. GreatBanc - Discovery [IWOV-IMANAGE.FID1704206]

[EXTERNAL]

Attached please find correspondence sent on behalf of Jacob D. Rhode.

**Stacy N. Miskanin**

Legal Assistant

SMiskanin@KMKLAW.com

# KMK | Law

**Keating Muething & Klekamp PLL**

One East Fourth Street  |  Suite 1400  |  Cincinnati, OH 45202  |  Map

Direct: (513) 639-3946 | Fax: (513) 579-6457

kmklaw.com   |   KMK on LinkedIn   |   KMK on Twitter

**Confidentiality Statement:** This e-mail contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please delete it from your computer system. Your assistance in correcting this error is appreciated.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click [here](#) to report this email as spam.