UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRENDA SZALANSKI, on behalf of herself, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

GREATBANC TRUST COMPANY,

    Defendants

Case No.: 19-cv-940-wmc

PLAINTIFF'S MOTION TO ADD PARTIES IN THE AMENDED COMPLAINT

    Plaintiff Brenda Szalanski, by and through the undersigned counsel, moves this Court to enter an order rejoining the previously dismissed defendants Mike Arnold, Lea Gerend, Phil Troia, and Mike Whaley (the "Individual Defendants") as defendants to this action under Federal Rule of Civil Procedure 21. The only current remaining Defendant, GreatBanc Trust Company, has consented to the filing of the Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 15(a)(2).

## Background

    Plaintiff filed her original complaint on November 15, 2019, alleging breaches of fiduciary duty prohibited transactions under the Employee Retirement Income Security Act against the Individual Defendants and GreatBanc Trust Company ("GreatBanc"). ECF No. 1. All Defendants filed motions to dismiss, ECF Nos. 16, 19, which the Court granted. ECF No. 47. As to the Individual Defendants, the Court held that the Complaint had failed to plausibly allege these defendants were fiduciaries and thus dismissed all claims against them. *Id*. at 14. While Plaintiff argued she was entitled to pursue relief against them as non-fiduciaries under ERISA § 502(a)(3) and *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000),

the Court held that "plaintiff did not even allege a violation of this provision of ERISA" and thus "decline[d] to extend relief provided under § 502(a)(3)." *Id*. at 14 n. 5. Because all claims against the Individual Defendants were dismissed, the Individual Defendants were terminated as Defendants. *Id*. at 17.

GreatBanc answered the Complaint as to the surviving claims, ECF No. 50, and those claims are set for trial on March 25, 2024. ECF No. 49. Dispositive motions are not due until September 15, 2023, and discovery does not conclude until February 2, 2024. *Id*. The Court did not set a deadline for amendment of the pleadings. *Id*. Today, Plaintiff has filed an Amended Complaint with the written consent of the remaining Defendant, GreatBanc, under Federal Rule of Civil Procedure 15(a)(2). ECF Nos. 52, 53.[1] This Amended Complaint conforms the allegations against GreatBanc to the scope of the claims surviving the Court's Order of June 28, 2022, ECF No. 47, and expressly alleges a claim under ERISA § 502(a)(3) against the Individual Defendants for their knowing participation—in a non-fiduciary capacity—in the prohibited transactions caused by GreatBanc. ECF No. 52 at ¶¶ 61-64. That is, the Amended Complaint adds the non-fiduciary claim against the Individual Defendants that the Court previously held was not contained in the original Complaint. *See id*. at 14 n. 5.

## Memorandum of Law

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Courts principally focus on "the prejudice to the non-moving party which will occur if the party is added" in evaluating such motions. *Chicago Dist. Council of Carpenters*

---

[1] As the Individual Defendants have been removed as defendants to this action, ECF No. 47 at 17, none of them are an "opposing party" under Federal Rule of Civil Procedure 15(a)(2) and their consent is not required for Plaintiff to amend her pleadings. *See* Fed R. Civ. P. 15(a)(2). But the Court's leave is required to rejoin them as Defendants. *See* Fed. R. Civ. P. 21.

*Pension Fund v. R. J. Ward Const., Inc.*, No. 93 C 980, 1994 WL 63000, at *2 (N.D. Ill. Feb. 17, 1994). Courts apply the same liberal standard to a motion to add a party under Rule 21 as applied to a motion for amendment of pleadings under Rule 15. *South v. Rowe*, 102 F.R.D. 152, 157 (N.D. Ill. 1984). "The proscribed prejudice is that which 'outweighs the moving party's right to have the case decided on the merits.'" *Select Creations, Inc. v. Paliafito Am.*, Inc., 830 F. Supp. 1213, 1217 (E.D. Wis. 1993) (quoting *Alberto–Culver Co. v. Gillette Co.*, 408 F.Supp. 1160, 1161–62 (N.D.Ill.1976)). To establish such prejudice, the non-movant must show "it will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *Id*. (quoting *Azarbal v. Med. Ctr. of Delaware, Inc.*, 724 F. Supp. 279, 285 (D. Del. 1989).

Here, there will be no prejudice to either GreatBanc or the Individual Defendants. GreatBanc has consented in writing to the amendment of the Complaint to rejoin the Individual Defendants, ECF No. 53 Ex. A at 1, and there is thus no suggestion of prejudice to GreatBanc. As to the Individual Defendants, ample time remains before trial in 2024 and the dispositive motion deadline in late 2023. ECF No. 49. No changes will be required to the operative scheduling order. *Id*. Courts routinely grant motions to add additional defendants at this stage of the proceedings. *See E.E.O.C. v. GGNSC Holdings, LLC*, No. 14-CV-1579, 2015 WL 4507579, at *2 (E.D. Wis. July 24, 2015) (holding no prejudice to newly added defendant where dispositive motions were due in five months and trial commenced in a year); *Chesemore v. All. Holdings, Inc.*, 284 F.R.D. 416, 419 (W.D. Wis. 2012) (adding non-fiduciary ERISA § 502(a)(3) claim against defendant in in bifurcated ERISA action after trial on liability but prior to trial on remedies); *Harris v. Clarke*, No. 06-C-0230, 2007 WL 1795588, at *3 (E.D. Wis. June 19, 2007) (granting leave to add defendants a month prior to dispositive motions deadline); *see also Lebron v. Steffen*, No. 11-CV-806, 2013 WL 141745, at *1 (E.D. Wis. Jan. 9, 2013) (holding no

prejudice from undue delay where plaintiff sought to add 22 new defendants *after* filing of motions for summary judgment but denying leave to amend on other grounds).

The time elapsed since the Court's order on the Individual Defendants' motion to dismiss does not constitute undue delay. In the interim, Plaintiff's counsel reviewed voluminous documents that had been produced in discovery, including documents produced by GreatBanc, the Individual Defendants, and various non-parties. Downes Decl. ¶ 2. This was necessary in order to confirm that there was evidentiary support for the factual contentions that the Individual Defendants participated in the complex employee stock ownership plan transaction at the heart of this case and did so with knowledge of the circumstances that rendered it prohibited under ERISA. *Id*. ¶ 3. And in evaluating undue delay, courts look to how "deep into the litigation" the case has progressed, not the mere "passage of time." *Sanchelima Int'l, Inc. v. Walker Stainless Equip. Co., LLC*, No. 16-CV-644-JDP, 2017 WL 3499350, at *1 (W.D. Wis. Apr. 17, 2017) (finding no undue delay and distinguishing cases where discovery had closed or dispositive motions had been filed). Even if the Court were to find the delay were undue, delay alone is an insufficient basis on which to deny plaintiff's motion. The Seventh Circuit has held that even longer delays do not warrant denial of leave to amend in the absence of prejudice. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (holding delay of eight months between dismissal of ERISA complaint and filing of amended complaint insufficient basis to deny motion for leave to amend in absence of prejudice and reversing district court for abuse of discretion); *see Sanchelima Int'l*, 2017 WL 3499350, at *1 ("passage of time alone, without more, does not cause undue delay: some prejudice to the adversary is required") (citing *Dubicz*, 377 F.3d at 793).

**Conclusion**

Rejoining the Individual Defendants will not require modification of the Court's schedule, will not cause any undue delay, and will not prejudice the Individual Defendants. For the foregoing reasons, the Court should enter an order rejoining the Individual Defendants to this action.

Dated: December 30, 2022    Respectfully submitted,

*/s/ Colin M. Downes*

R. Joseph Barton
Email: jbarton@blockesq.com
Colin M. Downes (*pro hac vice*)
Email: colin@blockesq.com
Block & Leviton LLP
1633 Connecticut Ave., N.W., Ste .200
Washington, DC 20009
Tel: (202) 734-7046

Andrew W. Erlandson
Email: aerlandson@hurleyburish.com
HURLEY BURISH, S.C.
33 East Main Street, Suite 400
Madison, WI 53703
Tel: (608) 257-0945
Fax: (608) 257-5764

*Attorneys for Plaintiff*