UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRENDA SZALANSKI, on behalf of herself, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MIKE ARNOLD, et al.,<br><br>*Defendants* | Case No.: 19-cv-940-wmc<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT GREATBANC TRUST COMPANY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

**Introduction**

Defendant GreatBanc Trust Company ("GreatBanc") moves to compel production of "non-privileged communications Plaintiff may have had with coworkers or other ESOP participants or beneficiaries about" this lawsuit, Plaintiff's allegations, the October 2017 transaction by which PDQ sold substantially all of its assets to Kwik Trip, Inc. (the "October 2017 Transaction"), or the PDQ Food Stores, Inc. Employee Stock Ownership Plan (the "Plan" or "ESOP"). ECF No. 71 at 1. Plaintiff has already produced communications she had with PDQ officers and directors or communications with PDQ employees in the course of employment at PDQ. ECF No. 71-1 at Nos. 10, 13, 20. Other communications are not relevant to the claims or defenses in this lawsuit, which exclusively focuses on whether GreatBanc as a fiduciary of the ESOP violated ERISA and whether the individual defendants knowingly participated in those violations. GreatBanc fails to articulate how Ms. Szalanski's personal communications with other ESOP participants have any tendency to make any fact about GreatBanc's ERISA violations more or less probable. As such, GreatBanc's motion should be denied.

**Argument**

Parties may only obtain discovery of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence must have "'any tendency' to make a material fact 'more or less probable than it would be without the evidence.'" *Dini v. Wisconsin*, No. 20-CV-87-WMC, 2021 WL 3662450, at *1 (W.D. Wis. Aug. 18, 2021) (Crocker, J.) (denying motion to compel interrogatory responses in part on relevance grounds) (quoting Fed. R. Evid. 401(a)-(b)). GreatBanc asserts that the burden is on Plaintiff, as the party resisting discovery, to establish the request is improper. Mot. at 2. But "[t]he party requesting discovery bears the initial burden of establishing its relevancy" before the burden shifts to the resisting party. *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 525 (S.D. Ind. 2018). The discovery sought by GreatBanc—Plaintiff's personal communications with other ESOP participants who are all putative class members—is not relevant because such communications would have no tendency to make any material fact regarding any party's claim or defense more or less probable. GreatBanc has thus not met its initial burden to establish the relevance of this discovery. Without such a showing, courts of this circuit decline to authorize "a fishing expedition in a pond where there is no evidence of fish." *First Am. Title Ins. Co. v. Hanson Aggregates Midwest*, No. 21 C 6390, 2023 WL 2390374, at *3 (N.D. Ill. Mar. 7, 2023).

GreatBanc asserts without explanation that the "documents bear directly on the merits of this lawsuit." Mot. at 3. First, as Plaintiff brings her claims under ERISA § 502(a)(2), "she may only do so in a representative capacity on behalf of the plan, not in her own behalf." *Godfrey v. GreatBanc Tr. Co.,* No. 18 C 7918, 2021 WL 679068, at *3 (N.D. Ill. Feb. 21, 2021) (quoting

*Kenseth v. Dean Health Plan, Inc*., 610 F.3d 452, 481 (7th Cir. 2010)). As "it is the plan that takes legal claim to the recovery," courts recognize that "the claim really 'belongs' to the Plan." *Hawkins v. Cintas Corp.,* 32 F.4th 625, 633 (6th Cir. 2022). Indeed, a participant such as Ms. Szalanski, "suing to recover benefits on behalf of a defined contribution plan"—such as the ESOP—"for breach of a fiduciary duty is still not entitled to have monetary relief paid directly to [her]." *In re Mut. Funds Inv. Litig.,* 529 F.3d 207, 218 (4th Cir. 2008). As a result, numerous Circuits recognize the "derivative nature" of such claims. *Hawkins,* 32 F.4th at 632; *In re Mut. Funds*, 529 F.3d at 210; *Graden v. Conexant Sys. Inc.,* 496 F.3d 291, 295 (3d Cir. 2007). As made clear by the Complaint, Plaintiff is bringing her claims against the Defendants on behalf of the ESOP, and the remedies she seeks are for the benefit of the Plan as a whole. ECF No. 52 ("Am. Compl.") at ¶¶ 68-69 & Prayer for Relief ¶¶ A-G.

Based on the nature of such claims, courts in this Circuit (and elsewhere) have repeatedly held that "[the] appropriate focus in a breach of fiduciary [duty] claim is the conduct of the defendants, not the plaintiffs." *Carlson v. Northrop Grumman Severance Plan*, No. 13-CV-02635, 2020 WL 6870785, at *5 (N.D. Ill. Nov. 23, 2020) (quoting *Nauman v. Abbott Labs.*, No. 04 C 7199, 2007 WL 1052478, at *3 (N.D. Ill. Apr. 3, 2007)); *see Lively v. Dynegy, Inc.,* No. 05-CV-00063-MJR, 2007 WL 685861, at *8 (S.D. Ill. Mar. 2, 2007) (holding the same and citing numerous cases finding the same). That the claims and defenses in this case turn entirely on the actions of the Defendants, not Plaintiff's actions, communications, or mental states is evident by examining the claims in the Complaint:

Count I, alleges that GreatBanc engaged in a prohibited transaction by causing the October 2017 Transaction, which constituted a direct or indirect transfer or use of plan assets to parties in interest in violation of ERISA § 406(a)(1)(D). Am. Compl. ¶¶ 54-60. Proof of this

3

claim depends on whether GreatBanc caused the October 2017 Transaction, whether the transaction was a use of plan assets, whether that use of plan assets benefitted the Individual Defendants, whether the Individual Defendants were parties in interest or whether there is an applicable exemption. Nothing about what Ms. Szalanski personally communicated to others would address the elements of this claim.

Count II alleges that the Individual Defendants knowingly participated in the October 2017 Transaction. *Id*. at ¶¶ 61-64. But a claim for knowing participation is based on the knowledge and actions of the defendants—not the Plaintiff. And Count III alleges that GreatBanc breached its fiduciary duties of loyalty and prudence by voting the shares of the Plan in favor of the October 2017 Transaction. *Id*. at ¶¶ 65-67. Plaintiff was just a Plan participant, not a player in GreatBanc's fiduciary process, and her communications with other participants will shed no light on whether GreatBanc acted imprudently or disloyally.

Numerous courts of this Circuit have observed that one of the reasons claims of this kind challenging ESOP transactions are particularly well-suited to class treatment is that they lack *any* individualized issues with respect to liability or relief. *Godfrey*, 2021 WL 679068, at *5; *Nistra v. Reliance Tr. Co.*, No. 16 C 4773, 2018 WL 835341, at *3 (N.D. Ill. Feb. 13, 2018). Plaintiff's individual communications will not make any material fact regarding the claims or defenses in this case more or less probable.

GreatBanc argues that the communications may reveal "whether Plaintiff believes or ever expressed the false allegations she now makes… or whether she instead has an ulterior motive for bringing this lawsuit." Mot. at 3. But GreatBanc's speculation that Plaintiff is engaged in knowingly frivolous litigation to pursue a personal vendetta over whether she should have received a severance payment in 2017 is not a proper basis to rationalize this discovery. *First*

4

*Am. Title*, 2023 WL 2390374, at *3 (denying motion to compel based on "speculation" about what certain discovery "may reflect," "may demonstrate," and "may show" without any basis); *Jones v. Union Pac. R.R. Co.*, No. 12 C 771, 2014 WL 1715450, at *2 (N.D. Ill. May 1, 2014) (holding party failed to show relevance of discovery where she offered "nothing but speculation to support her theory that the additional evidence she seeks might reveal some sort of discrepancy related to the data or video produced concerning her husband's collision"); *Batchelor v. Merck & Co.*, No. 3:05-CV-791-JTM, 2007 WL 4179015, at *3 (N.D. Ind. Nov. 20, 2007) (denying motion to compel where requesting party appeared to be "merely 'fishing' for discovery and hoping that discovery does exist to support their speculative and possible theory"). "[T]he scope of discovery is broad, but it is not unlimited. Broad discovery rules 'were never intended to be an excursion ticket to an unlimited exploration of every conceivable matter that captures an attorney's interest….'" *Henman v. Ind. Harbor Belt R. Co.*, No. 2:14-CV-434-JTM-JEM, 2015 WL 6449693, at *2 (N.D. Ind. Oct. 22, 2015) (denying motion to compel discovery sought solely based on "unsubstantiated desire to find anything" that would suggest deposition witness was biased in absence of any reason to think witness might be biased). "Put another way, discovery is not about aimlessly walking around a dark room and touching everything in sight. Rather, there must first be some light in that room that guides the way forward." *First Am. Title*, 2023 WL 2390374, at *3. Even if Plaintiff were in part motivated to bring this lawsuit because she felt aggrieved about her treatment by PDQ in 2017, that supposed feeling of "frustration," Mot. at 3, would still have no bearing on any of the claims or defenses in this action or on the truth or falsity of any of the material facts implicated by them.

Nor would it bear on the only other basis GreatBanc articulates for the supposed relevance of this discovery: whether she would be an adequate class representative. *See* Mot. at

5

3.[1] Mere antagonism towards defendants does not make a plaintiff inadequate to serve as a class representative. *Fox v. Riverview Realty Partners*, No. 12 CV 9350, 2014 WL 1613022, at *8 (N.D. Ill. Apr. 22, 2014) (holding that plaintiff was an adequate class representative despite social media statements that certain defendants were "dogs," "vultures," "crooks," and "spineless, well-paid lackeys for unethical, self-dealing management"). "Indeed, the vengeance of an aggrieved person more often engenders the zealous prosecution essential to a class action than the *over*-zealous prosecution which may threaten to strangle a class action." *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir. 1995) (emphasis in original) (quoting *Lim v. Citizens Savings and Loan Ass'n*, 430 F.Supp. 802, 811 (N.D.Cal.1976)); *County of Suffolk v. Long Island Lightening Co.*, 710 F.Supp. 1407, 1415-1416 (E.D.N.Y. 1989) ("To expect these plaintiffs to be completely neutral when they allege that the defendants have defrauded them and others of billions of dollars is to expect too much.").

For similar reasons, a court of this Circuit denied a motion to compel nearly identical discovery. *Epstein v. Am. Rsrv. Corp.*, No. 79 C 4767, 1985 WL 2598, at *3 (N.D. Ill. Sept. 18, 1985). There, defendant sought to discover by interrogatory whether plaintiffs or their attorneys had communicated with any potential class members and the circumstances of any such

---

[1] But this argument does not address any relevant aspect of Rule 23. "Typicality under Rule 23(a)(3) should be determined with reference to the company's actions, not with respect to particularized defenses it may have against certain class members." *Chesemore v. All. Holdings, Inc.,* 276 F.R.D. 506, 513 (W.D. Wis. 2011) (Conley, J.) (quoting *Wagner v. NutraSweet Co.,* 95 F.3d 527, 534 (7th Cir.1996)). Nor does it address her adequacy under Rule 23(a)(4), as "[c]ourts routinely reject challenges to the adequacy of class representatives based on their relatively limited understanding of legal claims involved in complex cases, such as the one." *Boyd v. Meriter Health Servs. Emp. Ret. Plan*, No. 10-CV-426-WMC, 2012 WL 12995302, at *10 (W.D. Wis. Feb. 17, 2012) (Conley J.), *aff'd sub nom. Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364 (7th Cir. 2012). To suggest some disqualifying conflict under Rule 23(a)(4), Defendants would need to show that an absentee class member would be harmed if plaintiff successfully proves her claims. *Johnson*, 702 F.3d at 372. GreatBanc does not suggest these communications would somehow address that standard.

communications. *Id*. The only basis the defendant could offer for seeking information about such communications was a general desire "to assure that [such communications] have been forthright and complete." *Id*. The Court held this insufficient, finding that "any communication with members must be deemed irrelevant to the question of class certification and plaintiffs cannot be ordered to disclose this information." *Id*. The only basis on which GreatBanc purports to distinguish *Epstein* is that "unlike here, the movant apparently sought communications between *class counsel* and other potential class members." Mot. at 3.[2] Not so: the defendant in *Epstein* sought communications between "plaintiffs *or* their attorneys" and potential class members and held neither category of communications relevant. *Epstein*, 1985 WL 2598, at *3 (emphasis added). The Court should hold likewise here.

## Conclusion

GreatBanc is engaged in a fishing expedition. It has failed to articulate any basis to believe the communications it seeks will bear on any material fact in this case—whether relating to Plaintiff's claims, Defendants' defenses, or Plaintiff's suitability to serve as a class representative—or even how they could in principle. For the foregoing reasons, the Court should deny GreatBanc's Motion to Compel Production of Documents.

---

[2] While GreatBanc has clarified that it is not seeking communications between Plaintiff's counsel and putative class members, Mot. at 2 n.1, such communications are encompassed by the plain language of GreatBanc's requests. ECF No. 71-1 at Nos. 10, 13, 20. And as relief, GreatBanc requests that the Court "compel Plaintiff to produce all non-privileged communications and/or documents they are withholding that are responsive to GreatBanc's First Requests for Production Nos. 10, 13, 20." Mot. at 3. If the Court grants GreatBanc's motion, the scope of the compelled production should be limited to responsive, "non-privileged communications *Plaintiff* may have had," Mot. at 2 (emphasis added), and should specifically exclude communications with Plaintiff's counsel.

Dated: March 20, 2023

Respectfully submitted,

/s/ Colin M. Downes

R. Joseph Barton
Email: jbarton@bartondownes.com
Colin M. Downes (*pro hac vice*)
Email: colin@bartondownes.com
BARTON & DOWNES LLP
1633 Connecticut Ave., N.W., Ste .200
Washington, DC 20009
Tel: (202) 734-7046

Andrew W. Erlandson
Email: aerlandson@hurleyburish.com
HURLEY BURISH, S.C.
33 East Main Street, Suite 400
Madison, WI 53703
Tel: (608) 257-0945
Fax: (608) 257-5764

*Attorneys for Plaintiff*